## FOURTH DEPARTMENT, JANUARY, 1918.

WILLIAM F. LONG, Respondent, v. HANS PETERSEN, and Others, Impleaded with CHARLES R. HERTZBERG, Appellant.

*Mortgage — trust — distribution on foreclosure.*

Appeal by defendant Charles R. Hertzberg from a judgment of the Supreme Court, entered in the Oneida county clerk's office April 23, 1917, upon the report of a referee in an action for the foreclosure of a mortgage.

PER CURIAM: The referee has rightly decided that plaintiff does not hold the mortgage as trustee of an express trust and that there was no merger of the mortgage in the title. The findings as to the state of the account between the Petersens and defendant are material only upon the question as to whether there was a sufficient part performance of the oral contract under the Statute of Frauds. They are not conclusive as between the parties to the account, since defendant's answer was not served on the Petersens and they did not appear or take part in the trial. The accounts and equities between defendant and the Petersens can be determined only where they are directly in issue between them, as in proceeding for distribution of the surplus after the sale herein. The clause in the judgment requiring defendant to pay the deficiency, if any, is not authorized by the referee's report and should be stricken out. The judgment should be modified by striking out the clause requiring defendant to pay the deficiency and that plaintiff have execution therefor, and as so modified affirmed, with costs of this appeal to plaintiff. All concurred. Judgment modified by striking out the clause requiring the appellant to pay the deficiency specified in the referee's report of sale and directing that plaintiff have execution therefor; and as so modified the judgment is affirmed, with costs of this appeal to the plaintiff.